# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

LYDIA KATHRYN PRITT,

                Plaintiff,

v.                                       CIVIL ACTION NO. 2:17-cv-02953

HOLLY R. HENRY,

                Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand. (ECF No. 4.) For the reasons set forth below, the Court **GRANTS** the motion and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia.

### I. BACKGROUND

This case arises out of a February 27, 2015, automobile accident involving the parties at an intersection in St. Albans, West Virginia. (ECF No. 5 at 1; ECF No. 6 at 2.) A third party, Ms. Amy Dawson, was a passenger in Defendant's vehicle and allegedly suffered injuries. (ECF No. 6 at 2.) The facts regarding who was at fault for the accident are in dispute but are not at issue here. (*Id.*; *see also* ECF No. 1-1 at 10–11.)

Ms. Dawson filed a civil action against Plaintiff in the Circuit Court of Kanawha County on February 19, 2016. (ECF No. 5 at 1; ECF No. 6 at 2; *see also* ECF No. 5-1 (docket sheet for Civil Action No. 16-C-256).) Almost one year later, on January 23, 2017, Plaintiff filed a civil

1

action against Defendant in the same court. (ECF No. 5 at 1; ECF No. 6 at 2; *see also* ECF No. 5-2 (docket sheet for Civil Action No. 17-C-108).) Plaintiff's state court complaint asserts negligence as the sole cause of action and requests the following relief: past and future pain and suffering, past and future medical bills, loss of enjoyment of life, pre- and post-judgment interest, attorney fees, and "[s]uch other damage as may become apparent in this litigation." (*See* ECF No. 1-1 at 4–5.) Notably, the state court judge who was assigned to the two related actions in state court entered an Order of Consolidation, effective February 28, 2017, based on "judicial economy as well as the interests of avoiding two possibly inconsistent results (if the two suits were allowed to remain separate) . . . ." (ECF No. 5-3.)

Defendant removed the case to this Court on May 12, 2017.[1] (ECF No. 1.) In the Notice of Removal, Defendant asserts that the basis for this Court's subject matter jurisdiction over this case is diversity pursuant to 28 U.S.C. § 1332. (*See id.* at 2.) Plaintiff filed the current Motion to Remand on June 12, 2017, arguing that this Court should abstain from accepting jurisdiction pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) [hereinafter *Colo. River*]. (*See* ECF No. 5 at 3.) Defendant responded to the motion on June 23, 2017, (ECF No. 6), and Plaintiff filed her reply on June 29, 2017, (ECF No. 7). The motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only authority conferred by Article III of the Constitution and affirmatively

---

[1] The Court notes for clarity's sake that while the two state cases were consolidated, the removal at issue only pertains to the second case involving both Plaintiff and Defendant—Civil Action No. 17-C-108. (*See* ECF No. 1 at 1; ECF No. 5-2.)

2

granted by federal statute." *In re Bulldog Trucking*, 147 F.3d 347, 352 (4th Cir. 1998) (internal quotation marks omitted) (citations omitted). "District courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Further, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (noting that the district courts must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction"); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). In evaluating a party's claim to federal jurisdiction, a court should look to the circumstances as they existed at the time the notice of removal was filed. *See Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." (citation omitted)). Thus, in cases removed under 28 U.S.C. § 1332, there must be "complete diversity of citizenship between the parties on either side of the dispute . . . at the time of removal." *Sea Marsh Grp., Inc. v. SC Ventures, Inc.*, Nos. 94-1140, 96-1524, 1997 WL 173232, at *4 (4th Cir.

3

Apr. 11, 1997) (per curiam) (unpublished opinion) (citing *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989)).

### III. DISCUSSION

Plaintiff relies on *Colo. River* to argue that this Court should "abstain from exercising jurisdiction in favor of concurrent and parallel state proceedings where doing so would serve the interests of 'wise judicial administration, giving regard to the conservation of judicial resources.'" (ECF No. 5 at 3 (quoting *Giles v. ICG, Inc.*, 789 F. Supp. 2d 706, 712 (S.D. W. Va. 2001) (quoting *Colo. River*, 424 U.S. at 181)).) Plaintiff first argues that the consolidated state court proceedings are "undeniably parallel" to the instant action because the state court matters arise out of the same motor vehicle accident, address identical issues, and require a finding of fault for the accident. (*See id.* at 4–5.) Plaintiff avers that the six *Colo. River* factors weigh in favor of remand. (*See id.* at 5–8.) Finally, Plaintiff concludes that "[p]roceeding in two separate forums will likely lead to inconsistent results, increased litigation costs and inconvenience for the parties and witnesses." (*Id.* at 8.)

After noting that Plaintiff "does not challenge this Court's jurisdiction over this matter," Defendant argues that the Court should not employ the extraordinary action of abstention in this case. (*See* ECF No. 6 at 1.) Defendant disputes Plaintiff's argument that the state court case and this matter are parallel, stating that in the original action between Ms. Dawson and Plaintiff, "no allegations were asserted that Defendant Henry owed any duty to any of the parties to that litigation . . . ." (*Id.* at 2–3 (noting that the original state court case is limited in scope to relief for Ms. Dawson's injuries).) Further, Defendant argues that this case does not fall within the three traditional categories wherein abstention is appropriate. (*See id.* at 3–4.) While Defendant does

4

not rebut Plaintiff's arguments regarding the six *Colo. River* factors, Defendant avers that remanding this case back to state court will prejudice Defendant, an Ohio resident, who was already prejudiced by "Plaintiff's blatant attempt at service through publication . . . ." (*See id.*) Defendant attempts to distinguish this case from *Colo. River*, arguing that this case involves "simply no facts relevant to justify an exceptional circumstance finding thar [sic] necessitates this court to abandon its obligation to exercise jurisdiction." (*Id.* at 4–5 ("This case does not involve property, the federal forum is not inconvenient, and as pointed out above, federal jurisdiction does not create piecemeal litigation.").)

In Plaintiff's reply, she contests Defendant's claim regarding the parallel nature of this case with the other state case, noting that they both arise out of the same accident and involve the same central issue of who is at fault. (*See* ECF No. 7 at 2.) Plaintiff further responds to Defendant's prejudice-based argument and calls it "disingenuous" because "Defendant's counsel apparently had no issue with dates contained within the [state court's] Scheduling Order when she signed it and agreed to be bound by the deadlines . . . ." (*Id.*) Additionally, Plaintiff argues that Defendant waived her right to removal by participating in the state court action and that complete diversity no longer existed after the consolidation of the two state court cases. (*See id.* at 3–4 (noting that after consolidation, "[b]oth the Plaintiff, Amy Dawson, and the Defendant, Holly R. Henry, are residents of Ohio").) Finally, Plaintiff argues that because the two state court actions are consolidated, it is improper to remove a subpart of the consolidated case. (*Id.* at 4.)

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. It is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" and should be implemented "only in the exceptional

5

circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* (quoting *Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1950)). As noted by the Fourth Circuit, "[f]ederal courts have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005) [hereinafter *Chase Brexton*].

The Supreme Court in *Colo. River* summarized the three general categories into which abstention traditionally falls. First, it noted that "[a]bstention is appropriate in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." 424 U.S. at 814 (internal quotation marks omitted) (citations omitted). Second, the Court stated that "[a]bstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Id.* Lastly, "abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene files, or collection of state taxes." *Id.* at 816 (citations omitted).

Here, Defendant is correct that the case at hand does not fall within these three traditional categories for which abstention is appropriate. (*See* ECF No. 6 at 4.) First, this case presents no federal constitutional issues for the Court's consideration. In addition, the issues before the Court do not present any difficult state law questions bearing on public policy concerns, nor do the claims

6

involve unsettled areas of state law. *Cf. Colo. River*, 424 U.S. at 815–16. Finally, the Court is not dealing with matters of state criminal proceedings, state nuisance issues, or collection of state taxes. Therefore, to determine whether abstention is appropriate, this Court—like the *Colo. River* Court— must turn to "principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions" by state and federal courts. *Id.* at 817.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)); *see also vonRosenberg v. Lawrence*, 849 F.3d 163, 167 (4th Cir. 2017). As the Fourth Circuit recently noted, the Court's task is not "to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *vonRosenberg*, 849 F.3d at 168 (emphasis in original) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) [hereinafter *Moses*]). The first step in making that determination is ascertaining whether the federal and state actions are parallel. *See id.*; *Chase Brexton*, 411 F.3d at 464.

Cases pending in both federal and state court are parallel only "if substantially the same parties litigate substantially the same issues in different forums." *vonRosenberg*, 849 F.3d at 168 (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.3d 1072, 1073 (4th Cir. 1991)) (noting that "[i]t is not enough for parties in the state and federal actions to be merely aligned in interest"). Parties must be "almost identical," and the claims cannot "differ

7

in scope or involve different remedies." *See id.* (citations omitted). As provided in *vonRosenberg*, "a federal court may abstain under *Colorado River* only if it 'concludes that the parallel state-court litigation will be an adequate vehicle for the *complete* and prompt resolution of the issues between the parties.'" *Id.* (emphasis in original) (quoting *Moses*, 460 U.S. at 28). "If there is any serious doubt that the state action would resolve *all* of the claims, it would be a serious abuse of discretion to abstain." *Id.* (emphasis in original) (internal quotation marks omitted) (citation omitted).

Even if this proceeding is duplicative of a state court action, the Court must balance numerous other factors set out by *Colo. River*:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Chase Brexton*, 411 F.3d at 463–64 (citing *Moses*, 460 U.S. at 15–16, 19–27; *Colo. River*, 424 U.S. at 818–19; *McLaughlin v. United Va. Bank*, 955 F.2d 930, 934–35 (4th Cir. 1992)); *see also MidAtlantic Int'l, Inc. v. AGC Flat Glass N. Am., Inc.*, 497 F. App'x 279, 282 (4th Cir. 2012) (per curiam) (unpublished opinion). Importantly, these factors do not constitute a "checklist," but must be weighed holistically in accordance with the facts of each case. *See McLaughlin*, 955 F.2d at 935 (citing *Moses*, 460 U.S. at 16); *see also vonRosenberg*, 849 F.3d at 168 (noting that the balance should be "heavily weighted in favor of the exercise of jurisdiction").

Here, the Court finds that this action and the state court matter involve "substantially the same parties litigat[ing] substantially the same issues in different forums."[2] *New Beckley Mining Corp.*, 946 F.2d at 1073. In the state action, Ms. Dawson—a passenger in Defendant's vehicle—sued Plaintiff alleging that she "failed to stop for a red traffic control light and proceeded south through the traffic control light and slammed head on into the vehicle in which [Ms. Dawson] was a passenger." (ECF No. 1-1 at 10.) As a result of the alleged negligence, Ms. Dawson claims that she "suffered injuries to her body, some of which may be permanent in nature" and seeks damages for "pain and suffering, loss of enjoyment of the pursuit of daily activities, mental distress, medical expenses and other damages." (*Id.* at 11.) In the removed federal action, Plaintiff is suing Defendant for negligently operating her vehicle at the time of the accident. (*See id.* at 3–4.) Like the state action, Plaintiff here asserts negligence as the sole cause of action and alleges that because of Defendant's negligent driving, Plaintiff incurred damages in the form of past and future pain and suffering, past and future medical bills, loss of enjoyment of life, pre- and post-judgment interest, attorney fees, and other damage deemed appropriate. (*Id.* at 4–5.) While Defendant is not a party to the original state court action, Plaintiff is a party to both actions, and the state court judge consolidated the two actions on June 9, 2017, "effective retroactively to February 28, 2017." (*See* ECF No. 5-3.) The consolidation recognizes that both cases involve the same underlying facts, assert the same cause of action, seek the same remedies, and require a finding on the same issue: who is at fault for the accident. Accordingly, the similarity in parties

---

[2] In determining whether the federal and state cases are parallel, the Court assumes that it is appropriate to retain jurisdiction of a case that was removed after consolidation with another case by the state court. It should not be implied that this Court agrees that it is permissible or proper for the Court to do so. Thus, references to the state action throughout the discussion allude to the original case brought by Amy Dawson against Lydia Pritt—Plaintiff in this case—which is still pending as part of the consolidated action in state court. The Court will discuss later in this Memorandum Opinion and Order case law indicating that such "partial removal" of a consolidated state action is inappropriate.

9

and likeness in the scope of Plaintiff's claims to those of Ms. Dawson in the state action lead to a conclusion that the two actions are parallel.

As to the six factors derived from the Supreme Court's opinion in *Colo. River*, the Court finds that neither of the first two factors provides support for abstention. First, the parties agree that the matters presented in this case "do not concern *in rem* jurisdiction." (ECF No. 5 at 5; ECF no. 6 at 4.) Second, the federal forum provides no inconvenience to the parties as it is adjacently located next to the Circuit Court of Kanawha County where the action was originally filed. The Court will not entertain Plaintiff's argument that the federal forum may become inconvenient because if this case proceeds on appeal, the state appellate court is also located in Charleston, West Virginia, unlike the federal court of appeals. (ECF No. 5 at 5.)

With regard to the third factor, "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett Co., Inc. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 744 (4th Cir. 2002) (quoting *Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). "The threat of inconsistent results and the judicial inefficiency inherent in parallel . . . litigation, however, are not enough to warrant abstention." *Id.* ("[R]es judicata effect will be given to whichever judgment is rendered first."); *see also New Beckley Mining Corp.*, 946 F.2d at 1074 (quoting *Gordon v. Luksch*, 887 F.2d 496, 497 (4th Cir. 1989)) ("Only in the most extraordinary circumstances . . . may federal courts abstain from exercising jurisdiction in order to avoid piecemeal litigation."). Thus, to justify abstention, "retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited for resolution in duplicate forums." *Id.* This factor "weighs slightly in favor of

abstention" when the state court action includes an additional party than the federal action. *Sto Corp. v. Lancaster Homes, Inc.*, 11 F. App'x 182, 188 (4th Cir. 2001) (per curiam) (unpublished opinion) (citing *Am. Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir. 1990)).

Plaintiff argues that because the state and federal courts are considering the same issues, the two venues "will duplicate their efforts in determining these issues," and "there is a risk that different results may be reached with regard to allocation of fault for the accident," which favors abstention. (*See* ECF No. 5 at 6.) In response, Defendant claims that piecemeal litigation will not result because "the elements of negligence that Plaintiff Pritt must prove in her separately filed civil action, are not addressed in the underlying state action" between Ms. Dawson and Plaintiff. (*See* ECF No. 6 at 3–5.) In evaluating this factor, the Court cannot rely solely on Plaintiff's argument that "there is a risk that different results may be reached with regard to allocation of fault for the accident," (ECF No. 5 at 6), because the "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *MidAtlantic Int'l, Inc.*, 497 F. App'x at 283 (quoting *Colo. River*, 424 U.S. at 816).

Nevertheless, the Court recognizes that in the state court action, the issue is whether Plaintiff in this case is liable for Ms. Dawson's injuries. Because Plaintiff here did not bring a third party action against Defendant in that case, Defendant is not a party to that original action. Further, Ms. Dawson was not operating one of the vehicles at the time of the accident, so a determination of fault would be based solely on the actions of Plaintiff. In this case, however, the Court would be forced to engage in a comparative negligence analysis—assuming the defense is raised—under West Virginia law, *see,* Syl. pt. 3, *Bradley v. Appalachian Power Co.*, 256 S.E.2d 879 (W. Va. 1979), to apportion fault between the parties as they were the two drivers of the

vehicles involved. (*See* ECF No. 3 at 3.) This complexity may have played into the state court's calculus when consolidating the two actions, and this Court finds that, if jurisdiction is retained, piecemeal litigation may result because of it. Accordingly, the third factor favors abstention, even if only slightly.

The fourth factor directs the Court to assess "the order in which jurisdiction was obtained by the concurrent forums," *Colo. River*, 424 U.S. at 818 (citing *Pac. Live Stock Co. v. Lewis*, 241 U.S. 440, 447 (1916)), and favors abstention. This factor "is to be applied in a pragmatic, flexible manner" and instructs the Court to measure priority of jurisdiction "in terms of how much progress has been made in the two actions." *Moses*, 460 U.S. at 21–22. In *Moses*, for example, the Court accorded weight to the fact that "the federal suit was running well ahead of the state suit" when deciding that the district court erroneously abstained from exercising jurisdiction. *See id.* at 22. Thus, this Court must look "not only to the formal filing sequence" of the two cases but to their overall progress. *See Gordon*, 887 F.2d at 498 (finding that this factor did not favor abstention where "the state court action ha[d] not progressed far" and "discovery ha[d] been stayed pending resolution of a dispute between the parties"); *see also Wood v. United States*, No. 91-3050, 1992 WL 58510, at *2 (4th Cir. Mar. 27, 1992) (per curiam) (unpublished opinion) (finding that this factor favored retention because "the [state court] record [was] unclear regarding progress on pretrial matters such as discovery" and the trial in state court was not scheduled to begin until almost two years after the complaint was filed in federal court).

The state action involving Ms. Dawson and Plaintiff was filed in the Circuit Court of Kanawha County on February 19, 2016. (ECF No. 5-1.) Discovery closed in that case on September 18, 2017, and the mandatory mediation deadline was October 1, 2017. (ECF No. 6-

2.)  In fact, the case has progressed to the point where the only remaining dates in the scheduling order are the pretrial conference and trial, which are scheduled for October 31, 2017, and November 13, 2017, respectively.  (ECF No. 6-2; *see also* ECF No. 5-1.)  This action, filed in state court on January 23, 2016, was on par with the state court action as the two cases were consolidated effective February 28, 2017.  (ECF No. 5-3.)  However, upon removal on May 12, 2017, this litigation would essentially be starting from scratch.  While this Court has entered a scheduling order, it sets out the following pertinent dates: amended pleadings are due by January 19, 2018, discovery closes by June 29, 2018, dispositive motions are due by July 19, 2018, and trial is set for October 16, 2018.  (ECF No. 12.)  In other words, the entire state action may well be resolved before the first date listed in this Court's scheduling order.  The Court finds that because the state court action is on the eve of trial while this case remains in its infancy, the fourth factor heavily favors abstention.

The fifth factor directs the Court to determine whether state or federal law is implicated and whether the state court proceedings are adequate to protect the parties' rights.  *See, e.g.*, *Gannett Co., Inc.*, 286 F.3d at 746–47.  Courts rely on this factor "to justify retention of jurisdiction where an important federal right is implicated and state proceedings may be inadequate to protect the federal right, or where retention of jurisdiction would create 'needless friction' with important state policies."  *Id.* at 746 (citations omitted).  The implication of state law alone is not enough to justify abstention given that federal courts "regularly grapple with questions of state law" when diversity jurisdiction is asserted.  *See id.* at 747.  The district court in *Ackerman* determined that this factor counseled abstention where all of the plaintiffs' claims, including "negligence, nuisance, trespass, and strict liability for abnormally dangerous activity on land,"

13

sounded in state law. *Ackerman v. ExxonMobil Corp.*, 821 F. Supp. 2d 811, 820–21 (D. Md. 2012), *aff'd*, 734 F.3d 237 (4th Cir. 2013). Conversely, where claims are brought under federal law, particularly when federal law expressly provides federal jurisdiction for resolution, the factor will strongly counsel in favor of retention. *See Chase Brexton*, 411 F.3d at 465; *New Beckley Mining Corp.*, 946 F.2d at 1075.

Both this case and the state action bring a sole cause of action—negligence—that will be determined under West Virginia state law. (*See* ECF No. 1-1 at 4, 10–11.) Removal is based on this Court's diversity jurisdiction, (ECF No. 1 at 2), and no federal law is implicated by either action. *Cf. Ackerman*, 821 F. Supp. 2d at 820–21. While abstention based on this factor alone is inappropriate, *see MidAtlantic Int'l, Inc.*, 497 F. App'x at 284 (citing *Gannett*, 286 F.3d at 746), this factor certainly does not favor retention.

With respect to the sixth factor, the Court finds that the state proceeding is adequate to protect the parties' rights. "This litigation involves only state law claims" distinctly tied to West Virginia. *Cf. Ackerman*, 821 F. Supp. 2d at 821. The state court has taken action to protect the parties in this case by consolidating their litigation with the dispute between Ms. Dawson and Plaintiff. As such, the state action will adequately protect the rights of all parties involved in the single motor vehicle accident from which this litigation arises.

In addition to the above factors, which favor abstention when assessed holistically, the Court finds that this case meets *Colo. River*'s exceptional-circumstances test due to the consolidated nature of the state court action prior to removal. The removal statute, 28 U.S.C. § 1441(a), expressly provides that "*any civil action . . .* may be removed." § 1441(a) (emphasis added). Similarly, § 1446 states that "defendants desiring to remove *any civil action* from a State

court shall file . . . a notice of removal . . . ." § 1446(a) (emphasis added). As Judge Chambers noted in *J.C. ex rel. Cook v. Pfizer, Inc.*, both of these statutes are clear: "an *entire* civil action—not a subpart thereof—is removable." No. 3:13–33048, 2014 WL 495455, at *3 (S.D. W. Va. Feb. 5, 2014). The state court clearly and unambiguously consolidated this case with the originally filed state court action because the two cases "arose out of the same automobile accident and, therefore, the same occurrence." (ECF No. 5-3.) While no date is listed on the state action's scheduling order, (*see id.*), the case's docket indicates that it was entered on March 1, 2017, (ECF No. 5-1). Of particular persuasion to the Court is the fact that Defendant's counsel was present for the state action's scheduling conference and signed the scheduling order—which set out all future dates toward resolving the underlying litigation—yet decided to remove this case a mere two months later. In other words, this Court finds that the removal fails to accord appropriate respect to the state court's consolidation order.

## IV. CONCLUSION

For the reasons above, the Court finds that abstention is appropriate because the partial removal of the underlying consolidated state action is improper and **GRANTS** Plaintiff's Motion to Remand, (ECF No. 4). As such, the Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. The Court **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 20, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE